# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY PINEDA; SERGIO PINEDA,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOLDEN VALLEY HEALTH CENTERS; MODESTO RADIOLOGICAL MEDICAL GROUP, INC.; MODESTO RADIOLOGY IMAGING; AJIT S. NAJAR, M.D.; JOSEPH FLUENCE, M.D.; WARREN DAVID CLIFT, M.D.; STANFORD HOSPITAL AND CLINICS; and DOES 1-100, inclusive,<br><br>    Defendants. | 1:11-cv-01399-AWI-BAM<br><br>**ORDER RE: MOTION FOR SUMMARY JUDGMENT**<br><br>(Doc. 72) |

## I. INTRODUCTION

Defendant Joseph Fluence, M.D., has filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For reasons discussed below, the motion shall be granted.

## II. FACTS AND PROCEDURAL BACKGROUND

On July 22, 2011, plaintiff Tammy Pineda and Sergio Pineda ("Plaintiffs") filed their first amended

complaint in Stanislaus Superior Court against defendants Golden Valley Health Centers, Modesto Radiological Medical Group, Inc., Modesto Radiology Imaging, Ajit S. Najar, M.D., Joseph Fluence, M.D., Warren David Clift, M.D., Stanford Hospital and Clinics and Does 1-100, inclusive, asserting causes of action for medical malpractice and loss of consortium.  Plaintiffs alleged as follows:

> "Plaintiff TAMMY PINEDA presented with severe neck pains, neck pressure and symptoms which got progressively worse including weakness, leg numbness and weakness, decreased movement, which advanced to left arm, facial weakness and numbness, radiating pains, and inability to walk.  Defendants misdiagnosed plaintiff's problems, including by indicating that they were either nonexistent, or caused by psychiatric issues, multiple sclerosis or conversion disorder."

Plaintiffs further alleged:

> "As a direct and proximate result of defendants' conduct, Plaintiff SERGIO PINEDA has lost the love, companionship, comfort, care, assistance, protection, affection, society, moral support, and . . . enjoyment of sexual relations from his wife . . . ."

On August 19, 2011, defendant Golden Valley Health Centers removed the action to this Court pursuant to 28 U.S.C. § 1442 and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq.  On June 13, 2012, defendant Joseph Fluence ("Fluence") filed his motion for summary judgment, contending he complied with the applicable standard of care at all times during his care and treatment of Tammy Pineda and that no act or omission on his part caused or contributed to her injuries.  On July 2, 2012, Plaintiffs filed a notice of non-opposition to Fluence's motion.

### III. LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."

2

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see* Fed. R. Civ. P. 56(c)(1)(A). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *In re Oracle Corp. Securities Litigation,* 627 F.3d 376, 387 (2010) (citing *Celotex, supra,* at p. 325). If the moving party meets its initial burden, the burden shifts to the non-moving party to present evidence establishing the existence of a genuine dispute as to any material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585-86, 106 S.Ct. 1348, 89 L.Ed.2d 538. A court ruling on a motion for summary judgment must construe all facts and inferences in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Even if the motion is unopposed, the movant is not absolved of the burden to show there are no genuine issues of material fact, *Henry v. Gill Industries, Inc.,* 983 F.2d 943, 949-50 (9th Cir. 1993), although the court may assume the movant's assertions of fact to be undisputed for the purposes of the motion and grant summary judgment if the facts and other supporting materials show the movant is entitled to it. *See* Fed. R. Civ. P. 56(e)(2), (3).

### IV. DISCUSSION

*A. Standard of care* – Fluence first contends there are no genuine issues of material fact because he complied with the applicable standard of care at all times during his care and treatment of Tammy Pineda. "The elements of a cause of action for medical malpractice are: (1) a duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the injury; and (4) resulting loss or damage." *Johnson v. Superior Court,* 143 Cal.App.4th 297, 305, 49 Cal.Rptr.3d 52 (2006). " ' "The standard of skill . . . prevailing in a medical community is ordinarily a matter within the knowledge of experts." [Citation].' " *Jambazian v. Borden,* 25 Cal.App.4th 836, 844, 30 Cal.Rptr.2d 768 (1994) (quoting *Vandi v. Permanente Medical Group, Inc.,* 7 Cal.App.4th

1064, 1071, 9 Cal.Rptr.2d 463 (1992)). Consequently, "[w]hether the standard of care in the community has been breached presents the basic issue in a malpractice action and can only be proved by opinion testimony unless the medical question is within the common knowledge of laypersons." *Id.*; *accord Kelley v. Trunk*, 66 Cal.App.4th 519, 523, 78 Cal.Rptr.2d 122 (1998).

To support the foregoing contention, Fluence offers the standard of care opinion of Dr. Thomas Cromwell, who was not a percipient witness to the events alleged by Plaintiffs. Cromwell opines that Fluence satisfied the applicable standard of care based on facts derived from Tammy Pineda's medical records as well as Plaintiffs' responses to discovery requests. Specifically, Cromwell testifies: "Based on my training, experience, and education, as well as my review of all the relevant documents and medical records in this case, I am of the opinion that Joseph K. Fluence, M.D., at all times complied with the applicable standard of care in all respects in providing care and treatment to Plaintiff Tammy Pineda." Cromwell further testifies: "It is my professional opinion, based on my training, experience and familiarity with the applicable standard of care for anesthesiologists that Joseph K. Fluence, M.D., at all times met the standard of care while rendering care and treatment to Plaintiff, Tammy Pineda." The medical records on which Cromwell's opinion is premised are attached to the motion and offered into evidence. Cromwell has also described the factual background on which his opinion is based and explained the basis of his opinion.

Cromwell's opinion therefore has the proper evidentiary foundation – *see Garibay v. Hemmat*, 161 Cal.App.4th 735, 743, 74 Cal.Rptr.3d 715 (2008); *see also Bushling v. Fremont Medical Center,* 117 Cal.App.4th 493, 510, 11 Cal.Rptr.3d 653 (2004) – and, if uncontroverted, would be sufficient to warrant summary judgment in favor of Fluence. *See Munro v. Regents of University of California,* 215 Cal.App.3d 977, 985, 263 Cal.Rptr. 878 (1989) (quoting *Hutchinson v. United States,* 838 F.2d 390, 392 (9th Cir. 1988)) (" 'When a defendant moves for summary judgment and supports his motion with expert declarations that his conduct fell within the community standard of care, he is entitled to summary judgment unless the plaintiff comes forward with conflicting expert evidence' "); compare *Kelley, supra,* 66 Cal.App.4th at 521 ("In a medical

4

negligence action a defendant doctor is not entitled to obtain summary judgment based on a conclusory expert declaration which states the opinion that no malpractice has occurred, but does not explain the basis for that opinion"). Plaintiffs have offered no opinion evidence to refute Cromwell's opinion. Accordingly, the Court finds no genuine issues of material fact regarding Fluence's compliance with the applicable standard of care, and Fluence is entitled to summary adjudication of Plaintiffs' cause of action for medical malpractice based on standard of care.

***B. Causation*** – Fluence further contends there are no genuine issues of material fact because no act or omission on his part caused or contributed to Tammy Pineda's alleged injuries. Given Cromwell's uncontroverted testimony that Fluence complied with the applicable standard of care at all times during his care and treatment of Tammy Pineda, Plaintiffs cannot show Fluence breached his duty to use the skill, prudence and diligence commonly possessed and exercised by other members of his profession, which is a necessary element of Plaintiffs' cause of action for medical malpractice. Therefore, the Court need not consider the issue of causation in determining whether to grant summary judgment. Nevertheless, the Court does so in the interest of completeness.

To support the contention no act or omission on his part caused or contributed to Tammy Pineda's injuries, Fluence again relies on the declaration of Thomas Cromwell, who testifies: "[I]t is my opinion that no error, omission, conduct, action or inaction the [sic] part of Dr. Fluence was, more likely than not, the cause of any injuries, harm and/or damages, to Plaintiff. [¶] . . . [¶] Furthermore, I can state with a degree of medical probability that the treatment, services and care provided by Dr. Fluence between November 9, 2007 and March 12, 2008 were not the cause of any damages purportedly sustained by Plaintiff." As a result, the burden shifts to Plaintiff to present contrary evidence to show causation. That was not done here. Thus, Fluence is also entitled to summary adjudication of Plaintiffs' medical malpractice claim based on the issue of causation.

***C. Loss of consortium*** – Lastly, Fluence moves for summary adjudication of Sergio Pineda's claim

for loss of consortium. "A cause of action for loss of consortium is, by its nature, dependent on the existence of a cause of action for tortious injury to a spouse. While [a] husband's 'injury incurred can neither be said to have been 'parasitic' upon the [wife's] cause of action nor can it be properly characterized as an injury to the marital unit as a whole,' [citation], it stands or falls based on whether the spouse of the party alleging loss of consortium has suffered an actionable tortious injury. [Citations.]" *Hahn v. Mirda,* 147 Cal.App.4th 740, 746, 54 Cal.Rptr.3d 527 (2007). Because summary adjudication of the cause of action for medical malpractice shall be granted in favor of Fluence due to a lack of triable issues, summary adjudication of the cause of action for loss of consortium must also be granted. *But see Leonard v. John Crane, Inc.,* _Cal.Rptr.3d_, 2012 WL 2126867 (Cal.App. 1 Dist. June 13 2012), at *2, *3 (holding that where a plaintiff voluntarily *dismisses* his or her personal injury claim, the spouse's ability to maintain a loss of consortium claim remains unaffected; " '[l]oss of consortium is not a derivative cause of action. While the cause of action is triggered by the spouse's injury, "a loss of consortium claim is separate and distinct" ' ").

## V. DISPOSITION

Based on the foregoing, Fluence's motion for summary judgment is GRANTED. Accordingly, the hearing date of July 16, 2012 is hereby VACATED.

IT IS SO ORDERED.

Dated: \_\_\_\_July 5, 2012\_\_\_\_                              _____
                                                                           CHIEF UNITED STATES DISTRICT JUDGE